[No. A038877. First Dist., Div. Four. Feb. 1, 1989.]

GISELE R. CERVISI et al., Plaintiffs and Respondents, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Appellant;
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, Real
Party in Interest.

[No. A038955. First Dist., Div. Four. Feb. 1, 1989.]

MURIEL BARTHOLOMEW et al., Plaintiffs and Respondents, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Appellant;
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, Real
Party in Interest.

[Opinion certified for partial publication.†]

† Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of part III.

---

**COUNSEL**

John K. Van de Kamp, Attorney General, John Davidson and Winifred Y. Smith, Deputy Attorneys General, for Defendant and Appellant.

Robert J. Bezemek and Katherine Riggs for Plaintiffs and Respondents.

No appearance for Real Party in Interest.

## OPINION

CHANNELL, J.—Respondents Gisele R. Cervisi, Muriel Bartholomew, and other part-time, hourly employees of real party in interest San Francisco Community College District sought unemployment benefits for the period between fall and spring semesters when none of the respondents were working. Appellant Unemployment Insurance Appeals Board determined that the applicants were ineligible for benefits. In separate actions, Cervisi and Bartholomew obtained writs of administrative mandate to compel the board to set aside its decisions. The board appeals, contending that the respondents had reasonable assurances of employment precluding eligibility for unemployment benefits. We affirm the judgments.

## I. FACTS

In the fall of 1983, respondents Gisele R. Cervisi and others[1] were employed as part-time, hourly instructors by real party San Francisco Community College District. At the end of the semester, they applied for unemployment benefits for the period between fall and spring semesters. The Employment Development Department approved some requests for benefits and denied others. Those whose requests were denied appealed the decision to appellant Unemployment Insurance Appeals Board. Hearings were conducted before an administrative law judge, who ruled that none of the instructors were eligible for benefits. The judge held that although "classes might have been subject to cancellation for lack of funds and/or enrollment, the evidence indicates that the general experience was that the claimants had continued in employment for several ensuing semesters." This was found to constitute a "reasonable assurance" of continued employment precluding eligibility for benefits. The board affirmed the administrative law judge's decision. Cervisi petitioned the superior court for a writ of mandate. (Code Civ. Proc., § 1094.5.) An alternative writ was issued.

In the fall of 1984, respondent Muriel Bartholomew and other part-time, hourly instructors in the district applied for similar unemployment benefits.[2] They were found ineligible to receive benefits. As Cervisi had done, Bartholomew petitioned the superior court for a writ of mandate. Again, an alternative writ was issued.

---

[1] Katherine C. Chung, Stephen W. Goldston, Sophia Lenetaki, Roland S. Meyerzove, Leo Seidlitz, Perry M. Tom, David R. Wakefield, and Norman Yee are the other petitioners in Cervisi's action. For convenience, this set of respondents will be referred to as "Cervisi."

[2] Daniel Brown, Judy E. Cornell, Terrence M. Doyle, Laraine C. Koffman, Sophia Lenetaki, Rafael A. Linares, Roland S. Meyerzove, Joseph Morlan, Leo Seidlitz, Chris J. Shaeffer, and Perry M. Tom are the other petitioners in Bartholomew's action. For convenience, this set of respondents will be referred to collectively as "Bartholomew."

The trial court considered the two petitions together. After hearing, the petitions were granted. The trial court issued a statement of decision and the requested writs. The separate appeals were consolidated by this court.

## II. Standard of Review

■ The trial court used the independent judgment test to determine whether the board's decision was proper. (See Code Civ. Proc., § 1094.5, subd. (c).) As such, we review the trial court's findings, rather than the agency's decision, to determine whether those factual findings are supported by substantial evidence. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20]; see Cal. Administrative Mandamus (Cont.Ed.Bar 1966) §§ 15.24-15.26.) As with ordinary civil appeals, this court must construe all conflicting evidence and make all inferences in favor of the trial court decision. (*Moran* v. *Board of Medical Examiners, supra,* at p. 308.)

## III. Late Appeal*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## IV. Reasonable Assurance

■ Addressing the merits of the appeal, the board argues that all respondents received a "reasonable assurance" of employment within the meaning of Unemployment Insurance Code section 1253.3[4] and applicable case law. It contends that the trial court erred by its contrary findings. Finally, the board contends that the trial court considered incompetent and irrelevant evidence when reaching its conclusions.

---

*See footnote, *ante,* page 635.

[4] All statutory references are to the Unemployment Insurance Code.

At all time relevant to this appeal, section 1253.3 provided that unemployment compensation benefits are not "payable to any individual with respect to any week which begins during the period between two successive academic years or terms . . . if the individual performs services in the first of the academic years or terms and if there is . . . a reasonable assurance that the individual will perform services for any educational institution in the second of the academic years or terms." (§ 1253.3, subd. (b); see Stats. 1983, ch. 60, § 2, pp. 139-140.) The statute defined "reasonable assurance" to include "an offer of employment or assignment made by the educational institution, provided that the offer or assignment is not contingent on enrollment, funding, or program changes." (§ 1253.3, subd. (g); see Stats. 1983, ch. 60, § 2, p. 140 [former subd. (e)].) This statute applies to persons employed by community college districts such as real party San Francisco Community College District. (See §§ 605, subd. (b), 1253.3, subd. (b).)

Based on undisputed facts, the trial court found that the clear language of the statute compelled issuance of the writ. It distinguished prior case law and held that the notices of potential assignment were "contingent on adequate enrollment, funding, and the approval of the District's Board of Governors."

The unambiguous language of section 1253.3 and substantial evidence supports the trial court's findings. (See *Board of Education* v. *Unemployment Ins. Appeals Bd.* (1984) 160 Cal.App.3d 674, 682 [206 Cal.Rptr. 788]; *Russ* v. *Unemployment Ins. Appeals Bd.* (1981) 125 Cal.App.3d 834, 847 [178 Cal.Rptr. 421].) Under the statute, an assignment that is contingent on enrollment, funding, or program changes is not a "reasonable assurance" of employment. (§ 1253.3, subd. (g).) The administrative record provides sufficient evidence that the assignments given to these hourly instructors depended on their ability to attract a sufficient number of students to justify offering the classes. In fact, the standard faculty assignment form states that "employment is contingent upon . . . adequate class enrollment." The record also establishes that district enrollment had dropped. A contingent assignment is not a "reasonable assurance" of continued employment within the meaning of section 1253.3; therefore, the trial court properly issued the writ requiring the respondents to be paid unemployment benefits for the period between the fall and spring semesters.

The judgments are affirmed. The board shall pay all costs.

Anderson, P. J., and Poché, J., concurred.